Filed 9/17/25  P. v. Merritt CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCEL DEMETRIUS MERRITT,<br><br>    Defendant and Appellant. | A172487<br><br>(Napa County<br>Super. Ct. No. 24CR001882) |

Defendant and appellant Marcel Demetrius Merritt challenges a sentence imposed after he pled no contest to a charge of attempted human trafficking.  (Pen. Code, §§ 664/236.1, subd. (a).)[1]  His attorney filed a brief seeking our independent review of the appellate record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), to determine whether there is any arguable issue on appeal.  We find no arguable issue and affirm.

## I.  FACTS AND PROCEDURAL HISTORY

In September 2024, a criminal complaint charged Merritt with felony pandering by procuring (§ 266i, subd. (a)(1)), felony pimping (§ 266h), and misdemeanor disobedience of a trial court order (§ 166, subd. (a)(4)).  The complaint alleged that Merritt had a prior strike (§ 667, subds. (b)–(i)) and

_____

[1] All statutory references are to the Penal Code.

was ineligible for probation due to a prior sex offense (§ 1203.065, subd. (a)). It also alleged three aggravating factors for sentencing purposes.

In December 2024, the prosecutor added a charge of attempted human trafficking (§§ 664/236.1, subd. (a)). Merritt entered a negotiated plea of no contest to that count and admitted a 1997 strike conviction for armed robbery (§ 211) in exchange for receiving the low term for the count. The plea agreement recognized that the low term would be 30 months or, if doubled pursuant to the Three Strikes law, five years. (See § 667, subd. (e)(1).) It therefore contemplated that Merritt would file a motion to disregard the prior strike for sentencing purposes pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). The remaining charges were dismissed.

Merritt filed a *Romero* motion in January 2025. He argued that his prior strike, which occurred in 1997, should be stricken in the interest of justice due to its age. He recognized that the trial court was not obligated to apply the mitigating factors enumerated in section 1385, subd. (c)(2)(A)–(I), when deciding whether to disregard the strike. (*People v. Dowdy* (2024) 107 Cal.App.5th 1, 9.) But he asked the court to consider two of those factors anyway. First, Merritt's offense in this case was not a violent felony. (§ 1385, subd. (c)(2)(F).) Second, the strike prior was more than five years old (*id.*, subd. (c)(2)(H)), and he had committed only minor offenses since then. He also claimed that his childhood was marked by trauma and violence. (*Id.*, subd. (c)(2)(E).)

Merritt further argued that he had acknowledged wrongdoing when he pled before the preliminary hearing; made efforts toward rehabilitation; was employed "seasonally" for "many years" since 2000; and cared for his father, who suffered from dementia, and his mother, who was diagnosed with

2

cognitive decline and whose cancer had returned.  (See Cal. Rules of Court, rule 4.423.)

Finally, Merritt asserted that recognizing the strike could result in a discriminatory racial impact.  (Cal. Rules of Court, rule 4.423(b)(12); see also § 1385, subd. (c)(2)(B).)  Merritt is African American.  Defense counsel's search of the Napa Criminal Justice Database showed that, within the prior 10 years, the Napa County District Attorney pursued pimping charges against 17 individuals, 15 of whom were African American, and pandering charges against 19 individuals, 18 of whom were African American.

The prosecutor opposed the *Romero* motion, arguing that Merritt was the type of defendant for whom the Three Strikes sentencing scheme was designed.  Since being released from prison for his prior strike, Merritt had been repeatedly arrested for pimping and pandering and violated probation or parole multiple times.  The night he was arrested for his present offense, he dropped the victim off to conduct commercial sex work, he coached her to lie in court while he was in custody, and he continued to receive money from her sex work thereafter.  Furthermore, he violated the trial court's stay-away order by speaking to the victim by phone multiple times.

At the sentencing hearing on January 21, 2025, defense counsel again argued that the trial court should disregard the prior strike given its age and Merritt's sparse record of convictions.  He proposed that any communication between Merritt and the victim while Merritt was in custody reflected the victim's willingness to communicate.  He also noted that many of the police reports cited by the prosecutor to show Merritt's criminal conduct since 1997 did not result in convictions.

The trial court denied the *Romero* motion.  The court observed that communications between the victim and Merritt indicated the "professional"

nature of their relationship, Merritt had previously violated parole or probation, and he had a "history of . . . victimizing people."  The court imposed a five-year state prison sentence, based on the 30-month low term for attempted human trafficking, doubled pursuant to section 667.  The court awarded custody and conduct credits and imposed fines and fees.  Merritt timely appealed.

## II.  DISCUSSION

In a declaration accompanying the opening brief in this appeal, Merritt's appellate counsel represented that she wrote to Merritt and informed him of her intention to file a "*Wende* brief" and of his right to personally file a supplemental brief within 30 days.  The time to file a supplemental brief has expired, and Merritt did not file one.

There are no arguable issues.  No further briefing is required.

## III.  DISPOSITION

The judgment is affirmed.


CHOU, J.


WE CONCUR.


JACKSON, P. J.
SIMONS, J.


A172487/ P. v. Merritt (*Wende*)


4